**REED SMITH LLP**
*Formed in the State of Delaware*
Diane A. Bettino, Esq.
David G. Murphy, Esq.
506 Carnegie Center – Suite 300
Princeton, New Jersey 08540
Tel (609) 987-0050
Fax (609) 951-0824

*Attorneys for Defendant Sterling Data Company LLC*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, PATRICK COLLIGAN and PETER ANDREYEV,<br><br>Plaintiffs,<br><br>v.<br><br>STERLING DATA COMPANY LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | Case No.:<br><br><br>**NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant

Sterling Data Company LLC ("Sterling"), by its attorneys, hereby removes this action from the

Superior Court of New Jersey, Law Division, Union County to the United States District Court for

the District of New Jersey, Newark Vicinage.  In support of this Notice of Removal, Sterling states

as follows:

1.      Plaintiffs Atlas Data Privacy Corporation ("Atlas"), Patrick Colligan ("Colligan"),

and Peter Andreyev ("Andreyev") (collectively, "Plaintiffs") commenced this action by filing a

complaint against Sterling and fictitious defendants in the Superior Court of New Jersey, Law

Division, Union County, under docket number UNN-L-1746-25, on April 30, 2025.  Other than an

automated docket entry for assignment of a discovery track, notices of appearances for counsel for

Plaintiffs, and an affidavit of service, no further proceedings before the state court have occurred.

Pursuant to 28 U.S.C. §1446(a), a copy of the Complaint is attached hereto as **Exhibit A**.  A copy

of the New Jersey e-Courts Case Summary, the Track Assignment notification, and appearances of

counsel for Plaintiffs are attached hereto as **Exhibit B**.  A copy of the affidavit of service is attached

as **Exhibit C**.

2.      On May 13, 2025, Sterling received a copy of the Complaint via process server

addressed to its registered agent for service of process in Delaware, which does not constitute valid

service of process in accordance with *N.J. Court Rule* 4:4-4(a)(6).  *See Exhibit C*.  Though

Sterling's thirty-day time limit to remove has not been triggered because the Complaint has not

been effectively served, *see Leavitt v. Sky Warrior Bah. Ltd.*, No. 24-886 (RMB) (SAK), 2024 U.S.

Dist. LEXIS 172136, at *9 (D.N.J. Sep. 24, 2024) (citing *Di Loreto v. Costigan*, 351 F. App'x 747,

751 (3d Cir. 2009) (citing *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 119 S.

Ct. 1322, 143 L. Ed. 2d 448 (1999))), this Notice of Removal is nevertheless timely filed.  28 U.S.C.

§1446(b).  In filing this Notice of Removal, Sterling does not accept service or waive any objections

to personal jurisdiction; Sterling reserves the right to seek dismissal of the Complaint for inadequate

service of process.  *See Atlas Data Priv. Corp. v. Thompson Reuters Corp.*, No. 24-cv-4269, 2025

U.S. Dist. LEXIS 83452 (D.N.J. May 1, 2025).

3.      The Superior Court of New Jersey, Law Division, Union County, is located within

the District of New Jersey.  Therefore, venue is proper because the action is being removed to the

"district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. §1441(a).

4.      No previous application has been made for the relief requested herein.

5.      This action is a civil action over which this Court has diversity jurisdiction under 28 U.S.C. § 1332.

6.      Sterling is a Delaware limited liability company.  The citizenship of a limited liability company is determined solely by the citizenship of its members.  *Zambelli Fireworks Mfg. Corp. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010).   Sterling's membership and ownership is comprised entirely of three individual natural persons:  C.J., a citizen of the United States domiciled in Illinois, J.L., a citizen of the United States domiciled in California, and M.K., a citizen of Hungary domiciled in Dubai—none of Sterling's members are citizens of New Jersey.  *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d. Cir. 2008) ("[A] natural person is deemed to be a citizen of the state where she is domiciled."); *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 107 (3d Cir. 2015) ("A State X plaintiff may therefore survive a facial challenge by alleging that none of the defendant association's members are citizens of State X."); *see also Tango Music, L.L.C. v. Deadquick Music, Inc.*, 348 F.3d 244, 245 (7th Cir. 2003) (analyzing citizenship of limited liability company where members were citizens of New Jersey and the United Kingdom under 28 U.S.C. § 1332(a)(3)).  Accordingly, Sterling is a citizen of Illinois, California, and either Hungary or Dubai.

7.      Defendants Richard Roes 1-10 and ABC Companies 1-10 are fictitious parties who have yet to be identified or served.  Thus, their citizenship is ignored for purposes of removal.  *See* 28 U.S.C. § 1441(a) ("for purposes of removal …, the citizenship of defendants sued under fictitious names shall be disregarded."); *see also Brooks v. Purcell, et al.*, 57 F. App'x. 47, 50-51

(3d Cir. 2002) ("[T]here is no doubt that in determining whether there is complete diversity of citizenship [for purposes of removal] we disregard the John Doe and Jane Doe defendants inasmuch as 28 U.S.C. § 1441(a) provides that for purposes of removal the citizenship of defendants sued under fictitious names shall be disregarded.") (internal citations omitted).

8.      Plaintiff Atlas, according to the Complaint, is a Delaware corporation with its principal place of business in New Jersey. *Ex. A.* at ⁋ 20.  "A corporation is deemed a citizen of both its state of incorporation and the state where it has its principal place of business." *Atlas Data Priv. Corp. v. Blackbaud, Inc.*, 757 F. Supp. 3d 605, 616 (D.N.J. 2024) (citing 28 U.S.C. § 1332(c)) ("Plaintiff Atlas, a corporation, is a citizen of both Delaware and New Jersey.").

9.      Plaintiff Colligan, according to the Complaint, is "a 32-year veteran of the Franklin Township police department in Somerset, New Jersey."  Likewise, Plaintiff Andreyev, according to the Complaint, is "a 33-year veteran of the Point Pleasant, New Jersey police department."  Both either recently served or currently serve as President of the New Jersey State Policemen's Benevolent Association. *Ex. A.* at ⁋⁋ 18–19.  Given the nature of the allegations in the Complaint— that Plaintiffs are actively concealing public information about their residence—Sterling has been unable to determine, despite diligent investigation, where Colligan and Andreyev reside within New Jersey.  Counsel's diligent inquiry included consultation with its client, and Sterling has no information regarding either Colligan or Andreyev in its records.  Counsel also diligently searched the dockets for the various other lawsuits initiated by Plaintiffs and has no located any briefing, certifications, declarations, or court decisions that confirm Colligan and Andreyev's citizenship. Notably, neither Colligan nor Andreyev have contested that they are New Jersey citizens, despite removals filed in dozens of cases since 2024.  *See generally Blackbaud, Inc.*, 757 F. Supp. 3d 605. Upon information and belief, in light of Colligan and Andreyev's allegations that they have been

local law enforcement officers for more than three decades and based on the review of dockets in matters initiated by Plaintiffs, both are citizens of New Jersey. *See Lincoln Benefit Life Co.*, 800 F.3d at 107–108 (describing how the party seeking to establish federal jurisdiction merely needs to conduct a diligent investigation to determine the citizenship status of individuals or entities whose citizenship status is secretive).

10.     Because Plaintiffs are citizens of Delaware and New Jersey, and Sterling is a citizen of Illinois, California, and either Dubai or Hungary, complete diversity exists between the parties. 28 U.S.C. § 1332(a)(2).

11.     The amount in controversy exceeds $75,000.00.  Generally, the Court determines the amount in controversy by reviewing the Complaint and accepting the plaintiff's good faith allegations. *Douglas v. Jones*, 656 Fed. App'x 602, 603 (3d Cir. 2016).  Here, Plaintiffs seek, among other things, "$1,000 for each violation" of Daniel's law, along with actual damages, punitive damages, reasonable attorneys' fees, interest, costs, and injunctive relief for each "Covered Person" that assigned their rights to Atlas. *See generally Ex. A*.  According to the Complaint, "[s]tarting on or about January 14, 2024, the Individual Plaintiffs and all of the Covered Persons (who assigned claims to Atlas) sent Defendant[s] written nondisclosure requests (via email) in accordance with Daniel's Law, using AtlasMail," and there are 21,067 assignors to Atlas. *Ex. A* at ¶¶ 49, 54.  Without considering any other forms of relief requested in the Complaint, 21,067 multiplied by $1,000 is $21,067,000, which far exceeds the $75,000 threshold.  Accordingly, the amount-in-controversy requirement of 28 U.S.C. § 1332(a) is satisfied.  *See Blackbaud, Inc.*, 757 F. Supp. 3d at 620 ("[Atlas and defendants] are in accord that the requisite amounts in controversy have been satisfied.").

12.     Because this action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332(a)(2) due to the complete diversity of the parties that existed at the time the Complaint was filed and continues to exist to date, and the amount in controversy is above the $75,000.00 threshold, this action is properly removable to this Court by Sterling pursuant to 28 U.S.C. § 1441(b).

13.     Pursuant to 28 U.S.C. §1446(d), written notice of this Notice of Removal of this action is being immediately filed with the Superior Court of New Jersey, Law Division, Union County.

14.     Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal of this action is being served upon Plaintiffs.

WHEREFORE, Sterling gives notice that this action is removed from the Superior Court of New Jersey, Law Division, Union County to the United States District Court for the District of New Jersey, Newark Vicinage.

REED SMITH LLP

/s/ David G. Murphy
David G. Murphy, Esq.

Dated: June 11, 2025

- 6 -