**REED SMITH LLP**
*Formed in the State of Delaware*
Diane A. Bettino, Esq.
David G. Murphy, Esq.
506 Carnegie Center – Suite 300
Princeton, New Jersey 08540
Tel (609) 987-0050
Fax (609) 951-0824

*Attorneys for Defendant Sterling Data Company LLC*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, PATRICK COLLIGAN and PETER ANDREYEV,<br><br>Plaintiffs,<br><br>v.<br><br>STERLING DATA COMPANY LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | Case No.: 1:25-cv-09963-HB<br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant Sterling Data Company LLC ("Sterling"), by and through the undersigned counsel, hereby submits this Answer and Affirmative Defenses to Plaintiffs Atlas Data Privacy Corporation ("Atlas"), Patrick Colligan ("Colligan"), and Peter Andreyev's ("Andreyev") (collectively, "Plaintiffs") Complaint (the "Complaint"), and avers as follows:

# INTRODUCTION[1]

1. The allegations in this paragraph recount purported legislative intent and legal conclusions to which no response is required. To the extent this paragraph contains allegations of wrongdoing against Sterling, denied.

2. The allegations in this paragraph are too generalized and appear directed at entities other than Sterling. To the extent the allegations in this paragraph are directed at Sterling, denied.

3. The allegations in this paragraph recount purported legislative intent and legal conclusions to which no response is required. The allegations in this paragraph are too generalized and appear directed at entities other than Sterling. To the extent the allegations in this paragraph are directed at Sterling, denied.

4. The allegations in this paragraph recount purported legislative intent and legal conclusions to which no response is required. Admitted Plaintiffs have brought claims pursuant to Daniel's Law, though denied that they are entitled to any such relief.

# BACKGROUND

**Passage of Daniel's Law in New Jersey**

5. The allegations in this paragraph refer to events precipitating the passage of Daniel's Law, to which no response is required. No allegations in this paragraph are directed at Sterling. To the extent this paragraph contains any allegations of wrongdoing against Sterling, denied.

6. The allegations in this paragraph refer to events precipitating the passage of Daniel's Law, to which no response is required. No allegations in this paragraph are directed at

---

[1] This Answer refers to the same headings used in the Complaint for organizational purposes only. Reiteration of headings from the Complaint in this Answer should not be construed as an admission of any allegation contained the headings—to the extent any headings contain allegations to which a respond would be required, they are denied.

Sterling. To the extent this paragraph contains any allegations of wrongdoing against Sterling, denied.

7. The allegations in this paragraph refer to events precipitating the passage of Daniel's Law, to which no response is required. With respect to the allegation that "the same kind of data broker services [are] at issue in this case," this allegation is denied.

**New Jersey Passes Daniel's Law in 2020**

8. The allegations in this paragraph recount purported legislative intent and legal conclusions to which no response is required. To the extent this paragraph contains allegations of wrongdoing against Sterling, denied.

9. The allegations in this paragraph are comprised of legal conclusions to which no response is required. To the extent this paragraph contains allegations of wrongdoing against Sterling, denied.

10. The allegations in this paragraph are comprised of legal conclusions to which no response is required. To the extent this paragraph contains allegations of wrongdoing against Sterling, denied.

11. The allegations in this paragraph are comprised of legal conclusions to which no response is required. To the extent this paragraph contains allegations of wrongdoing against Sterling, denied.

**Congress Passes Daniel Anderl Judicial Security and Privacy Act in 2022**

12. The allegations in this paragraph recount purported legislative intent and legal conclusions to which no response is required. To the extent this paragraph contains allegations of wrongdoing against Sterling, denied.

13. The allegations in this paragraph recount purported legislative intent and legal conclusions to which no response is required. To the extent this paragraph contains allegations of wrongdoing against Sterling, denied.

14. The allegations in this paragraph recount purported legislative intent and legal conclusions to which no response is required. To the extent this paragraph contains allegations of wrongdoing against Sterling, denied.

### Violence Against Police officers and Judges Has Not Stopped

15. The allegations in this paragraph purportedly refer to events recounted in a news story that are not directed at Sterling, to which no response is required. Denied to the extent allegations in this paragraph attempt to characterize the news story, draw inferences, and generalize people and events; the news story speaks for itself. To the extent this paragraph contains allegations of wrongdoing against Sterling, denied.

16. The allegations in this paragraph purportedly refer to events recounted in news stories that are not directed at Sterling, to which no response is required. Denied to the extent allegations in this paragraph attempt to characterize the news stories, draw inferences, and generalize people and events; the news stories speak for themselves. To the extent this paragraph contains allegations of wrongdoing against Sterling, denied.

17. The allegations in this paragraph are comprised of characterizations and inferences based on the news stories described in the preceding paragraphs, to which no response is required. Denied to the extent allegations in this paragraph attempt to characterize the news stories, draw inferences, and generalize people and events; the news stories speak for themselves. To the extent this paragraph contains allegations of wrongdoing against Sterling, denied.

### THE PARTIES

### The Individual Plaintiffs

18. Sterling is without sufficient information to admit or deny the allegations in this paragraph. Thus, they are denied and Plaintiffs are left to their proofs.

19. Sterling is without sufficient information to admit or deny the allegations in this paragraph. Thus, they are denied and Plaintiffs are left to their proofs.

**Plaintiff Atlas and its Assignors**

20. Sterling is without sufficient information to admit or deny the allegations in this paragraph. Thus, they are denied and Plaintiffs are left to their proofs.

21. This paragraph contains legal conclusions to which no response is required. Sterling is without sufficient information to admit or deny the remaining allegations in this paragraph. Thus, they are denied and Plaintiffs are left to their proofs.

22. This paragraph contains legal conclusions to which no response is required. Sterling is without sufficient information to admit or deny the remaining allegations in this paragraph. Thus, they are denied and Plaintiffs are left to their proofs.

23. This paragraph contains legal conclusions to which no response is required. Sterling is without sufficient information to admit or deny the remaining allegations in this paragraph. Thus, they are denied and Plaintiffs are left to their proofs.

24. Denied. This paragraph also appears to contain allegations against entities other than Sterling, as it refers to "Defendants," but there is only one defendant in this action.

25. Denied. This paragraph also appears to contain allegations against entities other than Sterling, as it refers to "Defendants," but there is only one defendant in this action.

26. This paragraph contains legal conclusions to which no response is required. To the extent the allegations in this paragraph concern written assignments, those documents speak for themselves. Sterling is without sufficient information to admit or deny the remaining allegations in this paragraph. Thus, they are denied and Plaintiffs are left to their proofs.

27. Sterling is without sufficient information to admit or deny the allegations in this paragraph. Thus, they are denied and Plaintiffs are left to their proofs.

28. To the extent the allegations in this paragraph concern written documents, those documents speak for themselves. Sterling is without sufficient information to admit or deny the remaining allegations in this paragraph. Thus, they are denied and Plaintiffs are left to their proofs.

29. To the extent the allegations in this paragraph concern written documents, those documents speak for themselves. Sterling is without sufficient information to admit or deny the remaining allegations in this paragraph. Thus, they are denied and Plaintiffs are left to their proofs.

30. To the extent the allegations in this paragraph concern written documents, those documents speak for themselves. Sterling is without sufficient information to admit or deny the remaining allegations in this paragraph. Thus, they are denied and Plaintiffs are left to their proofs.

31. To the extent the allegations in this paragraph concern written documents, those documents speak for themselves. To the extent the screenshot contained in this paragraph contains legal conclusion, no response is required. Sterling is without sufficient information to admit or deny the remaining allegations in this paragraph. Thus, they are denied and Plaintiffs are left to their proofs.

32. Admitted Plaintiffs have brought claims pursuant to Daniel's Law, though denied that they are entitled to any such relief.

33. This paragraph does not contain any allegations—Plaintiffs are stating an intention with respect to sharing information with Sterling and the Court, to which no response is required. This paragraph is also comprised of legal conclusions, to which no response is required. To the extent this paragraph contains allegations of wrongdoing against Sterling, denied.

34. Denied.

**Defendants**

35. Denied as stated. Sterling is a Delaware limited liability company. The remaining allegations in this paragraph are denied.

36. This paragraph contains vague allegations that do not discernibly appear to be directed at Sterling. To the extent the allegations in this paragraph are against Sterling, denied.

37. Admitted that Sterling operates the websites listed. The remaining allegations int his paragraph are denied.

38. Denied—this is not how Sterling operates. As set forth on Sterling's website, which Plaintiffs reference and integrally rely on for their allegations, but fail to accurately recite, "Sterling is a company engaged in assisting candidates, campaigns, and nonprofits with fundraising efforts, with a variety of products and services." *See* Sterling's Terms and Conditions of Use (Rev. Feb. 7, 2023), available at https://sterling.ai/terms-and-conditions/, and attached hereto as **Exhibit A**; Sterling's Privacy Policy (Rev. July 2025), available at https://sterling.ai/privacy-policy/, and attached hereto as **Exhibit B**. Sterling does not offer services that would allow an individual to seek out individualized information about another person. "Sterling manages donor profiles" and analyzes data to "enhance its value and usability for Clients," and "improve the effectiveness of donor outreach." *Ex. B, § 4.2*. "Clients" include "political campaigns, political organizations, NGO's, non-profits, and other persons or entities looking for fundraising, financing, or similar services." *Id.* Sterling has "worked with over 1,000 campaigns, nonprofits, and businesses." *See* "Sterling for Politics," available at https://sterling.ai/politics/, and attached hereto as **Exhibit C**; *see also* Sterling's Home Page, available at https://sterling.ai/, and attached hereto as **Exhibit D**; "About Sterling," available at https://sterling.ai/about-sterling/, and attached hereto as **Exhibit E**.

39. The allegations in this paragraph recount purported legislative intent and legal conclusions to which no response is required. To the extent this paragraph contains allegations of wrongdoing against Sterling, denied.

## JURISDICTION AND VENUE

40. This paragraph contains legal conclusions to which no response is required. To the extent a response is necessary, Sterling denies that *in personam* jurisdiction has been obtained.

41. This allegations in this paragraph is denied as moot, as the matter has been removed to the United States District Court for the District of New Jersey.

## FACTS COMMON TO ALL COUNTS

42. The allegations in this paragraph recount legislative history and legal conclusions to which no response is required. To the extent this paragraph contains allegations of wrongdoing against Sterling, denied.

43. The allegations in this paragraph are comprised of legal conclusions to which no response is required. To the extent this paragraph contains allegations of wrongdoing against Sterling, denied.

44. The allegations in this paragraph are comprised of legal conclusions to which no response is required. To the extent this paragraph contains allegations of wrongdoing against Sterling, denied.

45. The allegations in this paragraph are comprised of legal conclusions to which no response is required. To the extent this paragraph contains allegations of wrongdoing against Sterling, denied.

46. The allegations in this paragraph recount legislative history and legal conclusions to which no response is required. To the extent this paragraph contains allegations of wrongdoing against Sterling, denied.

47. The allegations in this paragraph recount legislative history and legal conclusions to which no response is required. To the extent this paragraph contains allegations of wrongdoing against Sterling, denied.

48. The allegations in this paragraph recount legislative history and legal conclusions to which no response is required. To the extent this paragraph contains allegations of wrongdoing against Sterling, denied.

49. Denied.

50. The referenced document speaks for itself. Denied that Plaintiffs sent the referenced communication to Sterling.

51. Denied.

52. Denied.

53. This paragraph contains legal conclusions to which no response is required. To the extent the allegations in this paragraph concern written assignments, those documents speak for themselves. Sterling is without sufficient information to admit or deny the remaining allegations in this paragraph. Thus, they are denied and Plaintiffs are left to their proofs.

54. This paragraph does not contain any allegations—Plaintiffs are stating an intention with respect to sharing information with Sterling and the Court, to which no response is required. This paragraph is also comprised of legal conclusions, to which no response is required. To the extent this paragraph contains allegations of wrongdoing against Sterling, denied.

55. Denied as vague as "Defendants" does not appear to be applicable to this action. Admitted Plaintiffs have brought claims pursuant to Daniel's Law, though denied that they are entitled to any such relief. All remaining allegations in this paragraph are denied.

## COUNT ONE
### (Daniel's Law)

56. Sterling hereby incorporates Paragraphs 1 through 55 above as if fully set forth herein.

57. Denied.

58. This paragraph contains legal conclusions to which no response is required. All remaining allegations in this paragraph are denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

**WHEREFORE**, Sterling demands judgment in its favor, dismissing Plaintiffs' Complaint with prejudice, awarding Sterling its costs, expenses, and reasonable attorneys' fees incurred in defending against the Complaint, and for such other and further relief as the Court deems appropriate and just.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' claims are barred by the supervening and superseding acts of others not under the control or directions of Sterling.

2. Plaintiffs' claims are barred by the First Amendment to the United States Constitution and the free-speech guaranties set forth in, but not limited to, Article I, Paragraph 6 of the New Jersey State Constitution, Article I, Section 4 of the Illinois State Constitution, Article I, Section 2 of the California State Constitution, Article I, Section 14 of the North Carolina State Constitution, and any other applicable state constitutions, both on the face of the Complaint and as applied to Sterling, as Daniel's Law violates Sterling's inalienable and constitutionally-guaranteed right to freedom of speech.

3. Plaintiffs' claims are barred by the statute of limitations.

4. Atlas lacks prudential standing and capacity to sue for claims against Sterling based on purported assignments from "covered persons," whose assignments are defective and inoperable. Atlas is not the proper party to pursue claims on the behalf of "covered persons."

5. Colligan and Andreyev lack standing to pursue claims against Sterling to the extent they used Atlas' platform and have irrevocably assigned their claims to Atlas, thereby lacking prudential standing and capacity to sue.

6. Plaintiffs' claims are barred by Plaintiffs' acts or failures to act in that they caused or contributed to the harms complained of in the Complaint.

7. Sterling acted in good faith at all relevant times.

8. Daniel's Law is not applicable to Sterling, and to the extent Daniel's Law is alleged to apply to Sterling, it would be exempt from liability.

9. Plaintiffs have not suffered any injury, damage, or loss as alleged, and have otherwise suffered no injury, damage, or loss as a result of any actions by Sterling.

10. Plaintiffs' claims are preempted by federal and state laws that conflict with Daniel's Law, including, but not limited to, the Federal Election Campaign Act of 1971, as amended by the Bipartisan Campaign Reform Act of 2002, and the New Jersey Campaign Contributions and Expenditures Reporting Act, along with implementing regulations.

11. Plaintiffs' claims are barred by the doctrine of unclean hands, equitable estoppel, unjust enrichment, laches, and waiver.

12. Plaintiffs' claims are unconscionable and contrary to public policy.

13. Sterling hereby reserves the right to assert any additional Affirmative Defenses which may later become known, and accordingly, to amend its Answer to the Complaint. Further, in listing the defenses above, Sterling does not assume or shift any burdens of proof applicable to Plaintiffs as required by law.

**WHEREFORE**, Sterling demands judgment in its favor and against Plaintiffs, together with attorneys' fees, expenses, and costs of suit, and any other relief which the Court deems just and equitable.

## DESIGNATION OF TRIAL COUNSEL

Sterling hereby designates Diane A. Bettino, Esq. and David G. Murphy, Esq. as trial counsel in this action.

**REED SMITH LLP**

*/s/ David G. Murphy*
David G. Murphy, Esq.
Diane A. Bettino, Esq.
506 Carnegie Center, Suite 300
Princeton, New Jersey 08540

                                                                                   Tel (609) 987-0050  
                                                                                  Fax (609) 951-0824  
                                                                                 *Attorneys for Sterling Data Company LLC*

Dated: October 27, 2025

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date Defendant's Answer and Affirmative Defenses, with exhibits, were filed with the United States District Court for the District of New Jersey and served on all counsel of record via the Court's electronic case filing system (ECF).

**REED SMITH LLP**

*/s/ David G. Murphy*
David G. Murphy, Esq.
Diane A. Bettino, Esq.
506 Carnegie Center, Suite 300
Princeton, New Jersey 08540
Tel (609) 987-0050
Fax (609) 951-0824

*Attorneys for Sterling Data Company LLC*