# EXHIBIT 4

**PEM LAW LLP**
Rajiv D. Parikh, Esq. (032462005)
Kathleen Barnett Einhorn, Esq. (040161992)
Jessica A. Merejo, Esq. (288592020)
1 Boland Drive, Suite 101
West Orange, New Jersey 07052
Tel.: (973) 577-5500
Email: rparikh@pemlawfirm.com
         keinhorn@pemlawfirm.com
         jmerejo@pemlawfirm.com

**PORZIO, BROMBERG & NEWMAN,
P.C.**
Vito A. Gagliardi, Jr., Esq. (024821989)
Alfred R. Brunetti, Esq. (028212002)
Sarah A. Wisniewski, Esq. (434562023)
100 Southgate Parkway
Morristown, New Jersey  07962-1997
Telephone: (973) 538-4006
Fax: (973) 538-5146
Email:  vagagliardi@pbnlaw.com
          arbrunetti@pbnlaw.com
          sawisniewski@pbnlaw.com

*Attorneys for Plaintiffs Atlas Data Privacy
Corporation, as assignee of individuals who
are Covered Persons, Patrick Colligan and
Peter Andreyev*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, PATRICK COLLIGAN and PETER ANDREYEV, <br><br> Plaintiffs, <br><br> v. <br><br> STERLING DATA COMPANY LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, UNION COUNTY DOCKET NO.: UNN-L-_____-25 <br><br> <u>CIVIL ACTION</u> <br><br><br> **COMPLAINT** |

Plaintiffs Atlas Data Privacy Corporation ("Atlas"), as the assignee of individuals who are

Covered  Persons  under  Daniel's  Law,  along  with  Patrick  Colligan  and  Peter  Andreyev

8099664

Case 1:25-cv-09963-HB    Document 16-6    Filed 10/27/25    Page 3 of 27 PageID: 316

Case 1:25-cv-09963-HB    Document 1-1    Filed 06/11/25    Page 3 of 29 PageID: 9
UNN-L-001746-25    04/30/2025 2:23:46 PM    Pg 2 of 26    Trans ID: LCV20251272198

(collectively, "Plaintiffs"), by and through their undersigned counsel, hereby submit this Complaint against Defendants and state as follows:

### INTRODUCTION

1.      In these tumultuous times, it is critical that the most sensitive personal information of current and former public servants be protected from unwarranted disclosure.  As set forth below, Daniel's Law was passed unanimously by our Legislature to provide judges, law enforcement officers, and prosecutors—and their families—with the right to prevent the disclosure of their home addresses and unpublished home telephone numbers, and to enforce those rights against uncooperative profit-seeking data brokers.

2.      This complaint seeks to protect those important rights against companies brokering data and choosing profit and commercial gain over a critical public interest and the unequivocal mandate of the law.  Companies in the business of disclosing this protected information have avoided accountability for far too long, proffering such information, including home addresses and unpublished home telephone numbers, without sufficient regard for the risks and consequences imposed upon individuals who serve (and have served) critical judicial and law enforcement roles.

3.      The Legislature and Governor unanimously agree that the basic safety of those who serve—and their families—must be assured.  Here, not only do the data brokers wantonly and repeatedly disregard the law, but they also demonstrate a callousness towards the well-being of these public servants.  Our judges, law enforcement officers, and prosecutors should receive the full measure of protection afforded to them under the same laws they enforce for the safety of all citizens.

8099664

2

Case 1:25-cv-09963-HB    Document 16-6    Filed 10/27/25    Page 4 of 27 PageID: 317

Case 1:25-cv-09963-HB    Document 1-1    Filed 06/11/25    Page 4 of 29 PageID: 10
UNN-L-001746-25    04/30/2025 2:23:46 PM    Pg 3 of 26    Trans ID: LCV20251272198

4.      With this action, Plaintiffs seek to enforce the important rights granted to judges, law enforcement officers, and prosecutors under Daniel's Law.  Consistent with the statutory scheme, Atlas brings this action as an assignee for certain individuals, including many family members of law enforcement officers and prosecutors.  Plaintiffs seek all available injunctive relief and statutory damages, including to prevent any further disclosure by Defendants of information in violation of Daniel's Law.

## **BACKGROUND**

### **Passage of Daniel's Law in New Jersey**

5.      In July 2020, Daniel Anderl, the son of a New Jersey federal Judge, was murdered by a gunman posing as a FedEx delivery man at the front door of the family's New Jersey home. Daniel, who was just 20 years old and a rising junior in college, and who aspired to practice law like his parents, took a bullet to his chest trying to protect his parents.  By the time his mother, a Judge, came to the door to check on what happened, the killer had fled.  But her husband was critically wounded, and Daniel tragically died from the gunshot.

6.      During the investigation, the perpetrator was found to have certain political and personal grievances against the Judge, and he went to their home that day intending to kill her. Investigators eventually connected this attack with the same perpetrator's shooting of an attorney in California, who was similarly mortally gunned down answering the door to his residence to pick up a supposed package from the same disguised gunman.  Authorities concluded that the shooter was disgruntled over certain legal cases with similar political and legal issues to the case that was pending before Daniel's mother.

8099664

3

7.    Critically, the gunman was able to find the home addresses of his murder victims through the various people finder resources available on the Internet,[1] the same kind of data broker services at issue in this case.

**New Jersey Passes Daniel's Law in 2020**

8.    In response to Daniel's murder, New Jersey swiftly enacted Daniel's Law in November 2020.  P.L. 2020, c. 125 codified in N.J.S.A. 47:1A-1, et seq. and N.J.S.A. 56:8-166.1, et seq., Daniel's Law allows current and former public servants—including judges, law enforcement officers, prosecutors, and child protective investigators within the Division of Child Protection and Permanency—and their eligible family members (i.e., "covered persons") to send written nondisclosure requests to data brokers.  Upon the expiration of the 10-business day period following such a request, the data broker is prohibited from disclosing or otherwise making available the name and home address or unpublished home telephone number of the covered person.  Law enforcement personnel are expressly covered by the statute, in full recognition that the public service they provide is no less dangerous or important than those of judges and prosecutors.

9.    Any such covered person may request that a data broker not "disclose or re-disclose on the Internet or otherwise make available" their home addresses or unpublished home telephone numbers.  Disclosure is defined to mean to "solicit, sell, manufacture, give, provide, lend, trade, mail, deliver, transfer, post, publish, distribute, circulate, disseminate, present, exhibit, advertise, or offer, and shall include making available or viewable within a searchable list or database, regardless of whether a search of such list or database is actually performed."

---

[1] https://www.cbsnews.com/news/esther-salas-son-murder-roy-den-hollander-48-hours/.

4

8099664

Case 1:25-cv-09963-HB    Document 16-6    Filed 10/27/25    Page 6 of 27 PageID: 319

Case 1:25-cv-09963-HB    Document 1-1    Filed 06/11/25    Page 6 of 29 PageID: 12
UNN-L-001746-25   04/30/2025 2:23:46 PM   Pg 5 of 26   Trans ID: LCV20251272198

10.     Data brokers must cease disclosure of this protected information within 10 business days of receiving a written nondisclosure request from a covered person.

11.     To facilitate the enforcement of Daniel's Law, the New Jersey Legislature expressly provided that an enforcement action could be brought by a covered person or by the covered person's assignee. N.J.S.A. 56:8-166.1(b).

### Congress Passes Daniel Anderl Judicial Security and Privacy Act in 2022

12.     Similar to the actions taken by the State of New Jersey, federal judges such as U.S. Supreme Court Chief Justice John G. Roberts Jr. proposed and supported a federal version of Daniel's Law.  The Chief Justice was quoted stating, "[t]he law requires every judge to swear an oath to perform his or her work without fear or favor, but we must support judges by ensuring their safety . . . [a] judicial system cannot and should not live in fear."[2]

13.     The federal bill, which had broad bipartisan support in both the House and Senate, protected the personally identifiable information of judges and their immediate family from disclosure by data brokers.  It also allowed federal judges to redact their personal information displayed on federal government websites.

14.     In December 2022, the U.S. Senate voted 83-11 to pass the annual defense authorization bill, with the Daniel Anderl Judicial Security and Privacy Act attached,[3] and it was signed by President Biden.[4]

---

[2] https://www.washingtonpost.com/politics/2022/12/31/supreme-court-roberts-leak-report/.
[3] https://www.uscourts.gov/news/2022/12/16/congress-passes-daniel-anderl-judicial-security-and-privacy-act.
[4] https://www.nj.com/politics/2022/12/biden-signs-defense-policy-bill-that-remembers-3-new-jerseyans.html.

8099664

**Violence Against Police Officers and Judges Has Not Stopped**

15.    Despite these efforts, violence against judges, law enforcement officers, and prosecutors remains a continuing and serious threat.  These public servants put their lives on the line every day, which is clearly exhibited by the numerous horrific stories of violence beyond the murder of Daniel Anderl.  For example, in 2020, three shooters openly fired upon the Camden home of two New Jersey police officers while they were inside with their 10-day old infant.  That the officers were constantly involved in the community doing good afforded them no safety from the perpetrators.[5]  On the contrary, the officers were targeted specifically because they chose to go into public service and protect their community.

16.    More recently, a disgruntled litigant hunted down and killed a Maryland Judge at his home, after an adverse child custody ruling.[6]  This killing followed a similar tragedy in Wisconsin in 2022, where the perpetrator killed a retired Wisconsin Circuit Court Judge out of spite for his handling of a criminal case in 2005.[7]

17.    These violent incidents demonstrate the risk to public servants and their families resulting from the open sale and dissemination of their most personal information, including their home addresses and/or unpublished home telephone numbers.  These incidents also demonstrate the risk to the broader community should public officials be denied their statutory privacy rights. The risk that one might be violently targeted at their home may disincentivize individuals from pursuing a career in public service.  This undermines the public interest—as the State and federal governments have recognized in passing Daniel's Law and its federal counterpart.

---

[5] https://www.forbes.com/sites/jemimamcevoy/2020/09/18/shooters-open-fire-on-home-of-new-jersey-police-officers-in-targeted-attack-chief-says/.

[6] https://www.cnn.com/2023/10/20/us/maryland-judge-killing-investigation-andrew-wilkinson/.

[7] https://www.cnn.com/2022/06/04/us/wisconsin-judge-killed-targeted-attack/.

8099664

Case 1:25-cv-09963-HB    Document 16-6    Filed 10/27/25    Page 8 of 27 PageID: 321

Case 1:25-cv-09963-HB    Document 1-1    Filed 06/11/25    Page 8 of 29 PageID: 14
UNN-L-001746-25    04/30/2025 2:23:46 PM    Pg 7 of 26    Trans ID: LCV20251272198

## THE PARTIES

### The Individual Plaintiffs

18.    Plaintiff Detective PATRICK COLLIGAN ("Detective Colligan") is a 32-year veteran of the Franklin Township police department in Somerset, New Jersey. From June 2014 to April 2024, Detective Colligan served as the President of the New Jersey State Policemen's Benevolent Association, representing more than 33,000 active law enforcement officers throughout the state.  During the course of his law enforcement career, he has received numerous threats of violence targeted at him and his family as a result of his public service. The seriousness of certain threats necessitated the installation of a surveillance camera system and alarm system, and training for his spouse and children about how to respond in the event of an attack on their home.

19.    Plaintiff Officer PETER ANDREYEV ("Officer Andreyev") is a 33-year veteran of the Point Pleasant, New Jersey police department. Since May 2024, Officer Andreyev has served as the President of the New Jersey State Policemen's Benevolent Association, representing more than 33,000 active law enforcement officers throughout the state. During the course of his law enforcement career, he has received numerous threats of violence targeted at him and his family as a result of his public service. Officer Andreyev has counseled many other officers who have been the target of violent threats on ways to protect themselves and their family members from harm.

### Plaintiff Atlas and its Assignors

20.    Plaintiff ATLAS DATA PRIVACY CORPORATION ("Atlas") is a Delaware corporation, with offices at 201 Montgomery Street, Suite 263, Jersey City, New Jersey 07302.

8099664

7

Case 1:25-cv-09963-HB    Document 16-6    Filed 10/27/25    Page 9 of 27 PageID: 322

Case 1:25-cv-09963-HB    Document 1-1    Filed 06/11/25    Page 9 of 29 PageID: 15
UNN-L-001746-25    04/30/2025 2:23:46 PM    Pg 8 of 26    Trans ID: LCV20251272198

21.    As permitted under Daniel's Law, Atlas asserts claims against Defendants as the assignee of the claims of approximately 21,067 individuals who are all "Covered Persons" under Daniel's Law (together, the "Covered Persons" and each a "Covered Person"), including a significant number of individuals who are family members of judges, law enforcement officers, and prosecutors.

22.    Each Covered Person is an (a) active, formerly active, or retired judicial officer, law enforcement officer, or child protective investigator in the Division of Child Protection and Permanency, or prosecutor, as those terms are defined in N.J.S.A. 47:1A-1.1; or (b) immediate family member residing in the same household as such judicial officer, law enforcement officer, child protective investigator in the Division of Child Protection and Permanency, or prosecutor. Thus, each individual meets the definition of "covered person" set forth in Daniel's Law, N.J.S.A. 56:8-166.1.

23.    Each Covered Person resides, works, previously resided or worked in New Jersey, or is a family member residing at the same address as such as a person, and has a claim or claims against Defendants for failing to comply with Daniel's Law.

24.    As set forth in more detail below, the Covered Persons (as well as the Individual Plaintiffs) each exercised their rights under Daniel's Law by sending Defendants a written notice requesting that Defendants cease disclosing or re-disclosing on the Internet or otherwise making available their protected information on one or more of Defendants' websites or through other methods of disclosure.

25.    Defendants have not complied with the law by negligently failing to cease the disclosure or re-disclosure on the Internet or the otherwise making available of protected

8

8099664

information as required under Daniel's Law for each of the Covered Persons (as well as each of the Individual Plaintiffs).

26.    In accordance with Daniel's Law, each of the Covered Persons has assigned their rights for claims thereunder against Defendants to Atlas, in writing, as permitted under the statute. Such assignments expressly and "irrevocably assign to Atlas or a designated affiliate of Atlas (the 'Assignee') the exclusive right to civil enforcement of all claims" under Daniel's Law.

27.    Atlas provides an online platform, including an email service named AtlasMail, to law enforcement officers, prosecutors, judges, and other Covered Persons.  Atlas works with and provides access to its platform to members of the New Jersey State Policemen's Benevolent Association, the Metropolitan Transportation Authority Police Benevolent Association, New Jersey PBA Local 105, and the New Jersey State Troopers Fraternal Association, among others. The goal of these unions and associations, since the first passage of Daniel's Law in November 2020, has been to increase the safety and well-being of their members and their members' families by helping those members understand and assert the rights provided to them by the law.

28.    Upon signing up for Atlas, a Covered Person is asked a series of questions to collect required personal information and qualify his or her eligibility under Daniel's Law.  Once eligibility is confirmed, the Covered Person is shown a page explaining how the Atlas platform works:

8099664

9

Case 1:25-cv-09963-HB    Document 16-6    Filed 10/27/25    Page 11 of 27 PageID: 324

Case 1:25-cv-09963-HB    Document 1-1    Filed 06/11/25    Page 11 of 29 PageID: 17
UNN-L-001746-25   04/30/2025 2:23:46 PM   Pg 10 of 26   Trans ID: LCV20251272198

# How Atlas Works

Daniel's Law allows you to send takedown notices to data brokers requesting that they not disclose or redisclose your home address or phone number. Atlas provides you with tools and services to help make the process more efficient.

1   **We identify** data brokers that may be disclosing your personal information. As of January 2024, our system tracks over 1,000 data brokers who operate in the United States.

2   **You select** the data brokers to whom you want to send takedown notices. We have lists of data brokers that we recommend, in order to make the selection process easier and more efficient. Alternatively, you can select recipients individually.

3   **You review** takedown notice templates. AtlasMail provides you with templates for takedown notice emails.

4   **You send** takedown notices. Your Atlas service includes an AtlasMail email address. You can use this email address to send takedown notices. More information about AtlasMail will be on the next screen.

Back                                                          Next

8099664

10

Case 1:25-cv-09963-HB    Document 16-6    Filed 10/27/25    Page 12 of 27 PageID: 325

Case 1:25-cv-09963-HB    Document 1-1    Filed 06/11/25    Page 12 of 29 PageID: 18
UNN-L-001746-25    04/30/2025 2:23:46 PM    Pg 11 of 26    Trans ID: LCV20251272198

29.    AtlasMail is an email service operated by Atlas.  Upon signing up with Atlas, each Covered Person receives his or her own AtlasMail account, with a unique inbox address (*e.g.*, john.doe23@atlasmail.com) for personal use.  A description of AtlasMail and more information about how the email service works are provided on a page during the signup process:



30.    Having provided personal information, confirmed their eligibility for Daniel's Law, and progressed through several pages explaining the functions of Atlas as a platform and AtlasMail as an email service, the Covered Person is then presented with a page on which he or she can review his or her home addresses and unpublished home telephone numbers, a nondisclosure request template, and a recommended list of data brokers to send notices to.  On this page the Covered Person can choose whether or not to send nondisclosure requests.  If the Covered Person chooses not to send nondisclosure requests to the recommended list, they can select individual

11

8099664

Case 1:25-cv-09963-HB     Document 16-6     Filed 10/27/25     Page 13 of 27 PageID: 326

Case 1:25-cv-09963-HB     Document 1-1     Filed 06/11/25     Page 13 of 29 PageID: 19
UNN-L-001746-25     04/30/2025 2:23:46 PM   Pg 12 of 26   Trans ID: LCV20251272198

recipients at a later page (as shown in the example copied below).  Here, each of the Individual

Plaintiffs and Covered Persons sent Defendants a nondisclosure request.



8099664

Case 1:25-cv-09963-HB    Document 16-6    Filed 10/27/25    Page 14 of 27 PageID: 327

Case 1:25-cv-09963-HB    Document 1-1    Filed 06/11/25    Page 14 of 29 PageID: 20
UNN-L-001746-25    04/30/2025 2:23:46 PM  Pg 13 of 26   Trans ID: LCV20251272198

31.     Any reply or response back from a data broker to the Covered Person is received and displayed in their AtlasMail inbox.  AtlasMail is a fully-featured email service provider, and its users can reply, forward, or use their AtlasMail account as they would any other email account:



8099664

Case 1:25-cv-09963-HB    Document 16-6    Filed 10/27/25    Page 15 of 27 PageID: 328

Case 1:25-cv-09963-HB    Document 1-1    Filed 06/11/25    Page 15 of 29 PageID: 21
UNN-L-001746-25    04/30/2025 2:23:46 PM    Pg 14 of 26    Trans ID: LCV20251272198

---

**Redaction/Nondisclosure Request Confirmation**

| | |
|---|---|
| **To** | john.doe23@atlasmail.com |
| **From** | privacy@exampledatabroker.com |
| **Date** | Fri, Jan 26, 2024 8:14 PM |

Dear John,

Thank you for your redaction/nondisclosure request pursuant New Jersey law P.L. 2023, c.113, P.L.2021, c.371 (as amended, the "Act") and Section 3 of New Jersey P.L.2015, c.226 (C.56:8-166.1) (as amended, "Chapter 226". We are writing to confirm that Example Data Broker Inc. will honor your request as required by the Act and Chapter 226.

Sincerely,

Example Data Broker Inc.

Reply    Forward

---

32.    With this lawsuit, Atlas seeks to enforce compliance with Daniel's Law for those Covered Persons.

33.    Because this lawsuit seeks to protect their privacy without unnecessarily putting those individuals in the spotlight, Atlas has not included the Covered Persons' personal information in this public filing.  However, Atlas will work with the Court and Defendants to implement an appropriate protective order and then provide Defendants with the written

14

8099664

assignments and relevant information for each of the Covered Persons.  Our courts have already approved this privacy-protecting approach.[8]

34.     In order to facilitate the provision of the Covered Persons' relevant information to Defendants pursuant to an appropriate protective order, Plaintiffs have provided Defendants with a proposed Protective Order with service of this Complaint.

**Defendants**

35.     Defendant Sterling Data Company LLC ("SterlingAI") is a Delaware corporation that has a registered agent address at 8 The Green, Suite B, Newark, Delaware 19901 and transacts business within the State of New Jersey.  SterlingAI discloses or re-discloses on the Internet or otherwise makes available the home addresses and/or unpublished home telephone numbers of Covered Persons.

36.     Defendants Richard Roes 1-10 and ABC Companies 1-10 (collectively with the defendants identified above referred to as the "Defendants") are fictitious names of currently unknown individuals/entities that were also involved with the violations described in this Complaint who have not yet been identified in part due to what appears to be intentional efforts by data brokers to conceal the specific entities involved and responsible for the disclosure of data and information, and individuals responsible for Defendants failures to comply with the law.

37.     Defendants offer and engage in the disclosure of data and information through one or more websites, applications, or otherwise in New Jersey, and to businesses and individuals who

---

[8] For example, the Court recently held in another Daniel's Law action that allegations similar to those asserted here pleaded "sufficient facts to show that the assignors are covered persons under Daniel's Law," and "in fact have standing," noting the anticipated production of Covered Persons' information pursuant to an appropriate protective order.  *Atlas Data Privacy Corp., v. Attom Data Solutions, LLC, et al.*, Docket No.: MER-L-000273-24 (Law Div., June 20, 2024) (denying motion to dismiss).

8099664

Case 1:25-cv-09963-HB    Document 16-6    Filed 10/27/25    Page 17 of 27 PageID: 330

Case 1:25-cv-09963-HB    Document 1-1    Filed 06/11/25    Page 17 of 29 PageID: 23
UNN-L-001746-25    04/30/2025 2:23:46 PM    Pg 16 of 26    Trans ID: LCV20251272198

operate or reside in New Jersey. These websites include sterlingdatacompany.com, sterlingstrategies.co, and sterling.ai.

38.    In accordance with Defendants' business model, visitors, users, or customers may obtain a name and home address and/or a name and unpublished home telephone number (including the name and address and/or unpublished home telephone number of the Individual Plaintiffs and Covered Persons).

39.    Daniel's Law was passed to protect public servants and their families from the disclosure of this protected information by such services, which disclose such information of the Individual Plaintiffs and Covered Persons for their own commercial interests, without sufficient regard to the risks and consequences imposed on individuals.

## JURISDICTION AND VENUE

40.    This Court has jurisdiction because the parties reside and/or conduct business in New Jersey, along with the Covered Persons, and the unlawful actions complained of herein occurred in New Jersey.

41.    Venue is proper pursuant to R. 4:3-2, in that Union County is the county in which one or more of the parties and/or Covered Persons reside and/or conduct business. In addition, many of the events giving rise to this action occurred in this County.

## FACTS COMMON TO ALL COUNTS

42.    As set forth above, New Jersey enacted Daniel's Law in November 2020 (P.L. 2020, c. 125 codified as N.J.S.A. 47:1A-1.1, et seq., and N.J.S.A. 56:8-166.1, et seq.

43.    Daniel's Law prohibits data brokers from disclosing or re-disclosing on the Internet or otherwise making available the home addresses or unpublished home telephone numbers of covered persons as defined in the law, upon a written request by those individuals.

16

8099664

Case 1:25-cv-09963-HB    Document 16-6    Filed 10/27/25    Page 18 of 27 PageID: 331

Case 1:25-cv-09963-HB    Document 1-1    Filed 06/11/25    Page 18 of 29 PageID: 24
UNN-L-001746-25    04/30/2025 2:23:46 PM    Pg 17 of 26    Trans ID: LCV20251272198

44.    Upon notification, and no later than 10 business days after receipt, a data broker must not disclose or re-disclose on the Internet or otherwise make available the home addresses or unpublished home telephone numbers of the covered person.

45.    This includes a mandate that within 10 business days of receiving a nondisclosure request, the data broker shall not disclose the protected information of the covered person. Disclosure is defined to mean to "solicit, sell, manufacture, give, provide, lend, trade, mail, deliver, transfer, post, publish, distribute, circulate, disseminate, present, exhibit, advertise, or offer, and shall include making available or viewable within a searchable list or database, regardless of whether a search of such list or database is actually performed."

46.    Daniel's Law was amended in 2023, as P.L. 2023, c. 113.  The amendment was passed unanimously by the Assembly on May 25, 2023, by the Senate on June 20, 2023, and was thereafter signed by the Governor on July 20, 2023.

47.    Certain provisions of the amended law, including changes to N.J.S.A. 56:8-166, et seq., went into effect immediately.

48.    As of July 20, 2023, Daniel's Law as codified in N.J.S.A. 56:8-166.1 provided:[9]

> 3.a. (1) Upon notification pursuant to paragraph (2) of this subsection, and not later than 10 business days following receipt thereof, a person, business, or association shall not disclose or redisclose on the Internet or otherwise make available, the home address or unpublished home telephone number of any covered person, as defined in subsection d. of this section.
>
> b. A person, business, or association that violates subsection a. of this section shall be liable to the covered person, or the covered person's assignee, who may bring a civil action in the Superior Court.
>
> c. The court shall award:
>
>> (1) actual damages, but not less than liquidated damages computed at the rate of $1,000 for each violation of this act;

---

[9] https://pub.njleg.state.nj.us/Bills/2022/PL23/113_.PDF

8099664

Case 1:25-cv-09963-HB     Document 16-6     Filed 10/27/25     Page 19 of 27 PageID: 332

Case 1:25-cv-09963-HB     Document 1-1     Filed 06/11/25     Page 19 of 29 PageID: 25
UNN-L-001746-25   04/30/2025 2:23:46 PM   Pg 18 of 26   Trans ID: LCV20251272198

(2) punitive damages upon proof of willful or reckless disregard of the law;

(3) reasonable attorney's fees and other litigation costs reasonably incurred; and

(4) any other preliminary and equitable relief as the court determines to be appropriate.

d.  For the purposes of this section:

. . . "Disclose" shall mean to solicit, sell, manufacture, give, provide, lend, trade, mail, deliver, transfer, post, publish, distribute, circulate, disseminate, present, exhibit, advertise or offer, and shall include making available or viewable within a searchable list or database, regardless of whether a search of such list or database is actually performed."

49.     Starting on or about January 14, 2024, the Individual Plaintiffs and all of the Covered Persons (who assigned claims to Atlas) sent Defendants written nondisclosure requests (via email) in accordance with Daniel's Law, using AtlasMail.

50.     For example, a true and correct copy of the email directly from Plaintiff Andreyev (with personal information redacted) is pasted here:

8099664

Case 1:25-cv-09963-HB   Document 16-6   Filed 10/27/25   Page 20 of 27 PageID: 333

Case 1:25-cv-09963-HB   Document 1-1   Filed 06/11/25   Page 20 of 29 PageID: 26
UNN-L-001746-25   04/30/2025 2:23:46 PM   Pg 19 of 26   Trans ID: LCV20251272198

## Data Subject Request – Redaction/nondisclosure Request

To          privacy@sterling.ai
From      Peter Andreyev <████████████@atlasmailing.com>
Date       Tue, Aug 20, 2024 11:27 AM UTC-0400

Sterling Data Company
August 20, 2024

To Whom It May Concern:

I am a "Covered Person" as defined by New Jersey law P.L. 2023, c.113, P.L.2021, c.371 (as amended, the "Act").
Pursuant to the Act and Section 3 of New Jersey P.L.2015, c.226 (C.56:8-166.1) (as amended), I hereby request
that you not disclose or re-disclose on the Internet or otherwise make available, the following protected
information:

Name: Peter Andreyev

Home Address: ███████████████████████

Sincerely,
Peter Andreyev

51.     Defendants failed to cease the disclosure or re-disclosure on the Internet or the
otherwise making available of the protected information of the Individuals Plaintiffs and Covered
Persons within the time period required by Daniel's Law.   Thus, Defendants' disclosure or
redisclosure or the otherwise making available of the protected information of the Individual
Plaintiffs and Covered Persons following the statutory period of ten (10) business days violates
Daniel's Law.

52.     Upon information and belief, even as of the date of this filing, Defendants still
refuse to fully comply with Daniel's Law and protected information (including home addresses
and/or unpublished home telephone numbers) of the Individual Plaintiffs and Covered Persons
continues to be disclosed, re-disclosed or otherwise made available, despite Defendants' receipt of
requests for nondisclosure more than ten business days ago.

8099664

Case 1:25-cv-09963-HB    Document 16-6    Filed 10/27/25    Page 21 of 27 PageID: 334

Case 1:25-cv-09963-HB    Document 1-1    Filed 06/11/25    Page 21 of 29 PageID: 27
UNN-L-001746-25   04/30/2025 2:23:46 PM   Pg 20 of 26   Trans ID: LCV20251272198

53.    All of the Covered Persons who sent their nondisclosure requests to Defendants (not including the Individual Plaintiffs, who assert their claims directly in this action) have assigned in writing their claims against Defendants to Atlas. All of the assignments were completed in writing before the date of the filing of the initial Complaint.

54.    Following the entry of a protective order filed in this Court, Plaintiffs will provide under a confidential designation a full and complete list of the following:

a.    Names of each of the 21,067 assignors referenced in paragraph 21; and

b.    The factual basis for the person to be considered a "Covered Person" as defined in N.J.S.A. 56:8-166.1(d), that is, a judicial officer, law enforcement officer, child protective investigator in the Division of Child Protection and Permanency, as those terms are identified in N.J.S.A. 47:1A-1.1 or prosecutor and any immediate family member residing in the household of individuals in these categories.

55.    The Individual Plaintiffs and Atlas hereby assert claims against Defendants based on their violation of Daniel's Law and continuing refusal to comply with that law.

20

8099664

Case 1:25-cv-09963-HB    Document 16-6    Filed 10/27/25    Page 22 of 27 PageID: 335

Case 1:25-cv-09963-HB    Document 1-1    Filed 06/11/25    Page 22 of 29 PageID: 28
UNN-L-001746-25    04/30/2025 2:23:46 PM    Pg 21 of 26    Trans ID: LCV20251272198

<u>**COUNT ONE**</u>

**(Daniel's Law)**

56.     The allegations of the Complaint set forth above are incorporated herein as if set forth at length.

57.     The Individual Plaintiffs and Covered Persons transmitted notice in writing to Defendants requesting that Defendants cease disclosure of their home address and/or unpublished home telephone number and cease its disclosure or re-disclosure on the Internet or wherever Defendants otherwise made it available.

58.     Defendants had an obligation under Daniel's Law to comply with the request within ten (10) business days.

59.     Upon information and belief, even as of the date of this filing, Defendants still refuse to fully comply with Daniel's Law and protected information (including home addresses and/or unpublished home telephone numbers) of the Individual Plaintiffs and Covered Persons continues to be disclosed, re-disclosed or otherwise made available, despite Defendants' receipt of requests for nondisclosure more than ten business days ago.

60.     Defendants did not cease the disclosure or re-disclosure on the Internet or the otherwise making available of information as required under Daniel's Law, and their failure in doing so each constitute a separate violation under the law.

61.     Defendants' continued disclosure in violation of Daniel's Law, despite having received notice as required under the statute, constitutes willful or reckless disregard of the law.

62.     As a result of Defendants' failures to comply with Daniel's Law, Plaintiffs have suffered damages, and request that the Court enter all available and appropriate legal and equitable relief.

8099664

Case 1:25-cv-09963-HB    Document 16-6    Filed 10/27/25    Page 23 of 27 PageID: 336

Case 1:25-cv-09963-HB    Document 1-1    Filed 06/11/25    Page 23 of 29 PageID: 29
UNN-L-001746-25    04/30/2025 2:23:46 PM    Pg 22 of 26    Trans ID: LCV20251272198

**WHEREFORE**, Plaintiffs request that Judgment be entered against Defendants as follows:

A. Ordering that Defendants immediately comply with Daniel's Law, and cease the disclosure of the Individuals Plaintiffs' and the Covered Persons' names, home addresses, and unpublished home telephone numbers wherever disclosed or re-disclosed on the Internet or otherwise made available;

B. Awarding actual damages, not less than liquidated damages under Daniel's Law, at "$1,000 for each violation";

C. Awarding an additional amount in punitive damages, to be determined by the Court, for "willful noncompliance" as allowed under Daniel's Law;

D. Awarding reasonable attorneys' fees, interest (pre and post judgment) and litigation costs incurred;

E. Ordering injunctive relief requiring that Defendants comply with Daniel's Law, and remove the Individual Plaintiffs' and the Covered Persons' protected information wherever disclosed;

F. Entering equitable or other permanent injunctive relief requiring Defendants to comply with Daniel's Law, including the appointment of a qualified independent expert to ensure that Defendants prospectively maintain compliance with Daniel's Law; and

G. Awarding such other and further relief against Defendants as the Court deems equitable and just.

8099664

Case 1:25-cv-09963-HB    Document 16-6    Filed 10/27/25    Page 24 of 27 PageID: 337

Case 1:25-cv-09963-HB    Document 1-1    Filed 06/11/25    Page 24 of 29 PageID: 30
UNN-L-001746-25   04/30/2025 2:23:46 PM   Pg 23 of 26   Trans ID: LCV20251272198

Respectfully submitted,

Dated: April 30, 2025

**PORZIO, BROMBERG & NEWMAN, P.C.**
*Attorneys for Plaintiffs*

By:/s/*Vito A. Gagliardi, Jr.*

Vito A. Gagliardi, Jr., Esq. (024821989)
Alfred R. Brunetti, Esq. (028212002)
Sarah A. Wisniewski, Esq. (434562023)
100 Southgate Parkway
Morristown, New Jersey  07962-1997
Telephone: (973) 538-4006
Fax: (973) 538-5146
Email:  vagagliardi@pbnlaw.com
           arbrunetti@pbnlaw.com
           sawisniewski@pbnlaw.com

23

8099664

Case 1:25-cv-09963-HB    Document 16-6    Filed 10/27/25    Page 25 of 27 PageID: 338

Case 1:25-cv-09963-HB    Document 1-1    Filed 06/11/25    Page 25 of 29 PageID: 31
UNN-L-001746-25   04/30/2025 2:23:46 PM   Pg 24 of 26   Trans ID: LCV20251272198

## <u>DESIGNATION OF TRIAL COUNSEL</u>

The Court is advised that pursuant to New Jersey Court Rules 4:5-1(c) and 4:25-4, Rajiv

D. Parikh, Esq., Vito A. Gagliardi, Jr., Esq., and Alfred R. Brunetti, Esq. are  hereby designated

as trial counsel for Plaintiffs in this matter.

Dated: April 30, 2025                              **PORZIO, BROMBERG & NEWMAN,**
                                                    **P.C.**
                                                    *Attorneys for Plaintiffs*

                                                    By:/s/*Vito A. Gagliardi, Jr.*_____
                                                    Vito A. Gagliardi, Jr., Esq.

8099664                                             24

Case 1:25-cv-09963-HB    Document 16-6    Filed 10/27/25    Page 26 of 27 PageID: 339

Case 1:25-cv-09963-HB    Document 1-1    Filed 06/11/25    Page 26 of 29 PageID: 32
UNN-L-001746-25   04/30/2025 2:23:46 PM   Pg 25 of 26   Trans ID: LCV20251272198

### <u>CERTIFICATION PURSUANT TO RULE 4:5-1</u>

Pursuant to <u>R.</u> 4:5-1, it is hereby stated that the matter in controversy between the parties hereto is not the subject of any other action pending in any other Court or of a pending arbitration proceeding to the best of my knowledge and belief.  Also, to the best of my knowledge and belief, no other action or arbitration proceeding between the parties hereto is contemplated.  Further, other than the parties set forth in this pleading and the previous pleadings, if any, at the present time we know of no other parties that should be joined in the within action.

Dated: April 30, 2025                                    By: <u>/s/ *Vito A. Gagliardi, Jr.*                      </u>
                                                                      Vito A. Gagliardi, Jr., Esq.

8099664

Case 1:25-cv-09963-HB    Document 16-6    Filed 10/27/25    Page 27 of 27 PageID: 340

Case 1:25-cv-09963-HB    Document 1-1    Filed 06/11/25    Page 27 of 29 PageID: 33
UNN-L-001746-25   04/30/2025 2:23:46 PM   Pg 26 of 26   Trans ID: LCV20251272198

## CERTIFICATION PURSUANT TO RULE 1:38-7(b)

Pursuant to <u>R.</u> 1:38-7(b), it is hereby stated that all confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future.

Dated: April 30, 2025                                    By: /s/ *Vito A. Gagliardi, Jr.* _____

Vito A. Gagliardi, Jr., Esq.

26

8099664