**BIRD MARELLA** LLP
BIRD • MARELLA • RHOW • LINCENBERG • DROOKS • NESSIM

**Elliot C. Harvey Schatmeier**

(310) 201-2100
ehs@birdmarella.com
www.birdmarella.com

November 14, 2025

**Via ECF**

The Honorable Harvey Bartle III
United States District Judge
District of New Jersey
16614 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

> **Re: Plaintiffs' Rule 7.1(d)(4) Statement Regarding Pending Motions to Dismiss**

Dear Judge Bartle III:

We, together with PEM Law LLP and Porzio Bromberg & Newman P.C., represent Atlas Data Privacy Corporation, as assignee of individuals who are Covered Persons, and the named individual plaintiffs (collectively, the "Plaintiffs") in the below captioned actions, which have filed motions to dismiss pursuant to Rule 12(b)(6) and/or Rule 12(b)(2).

1. <u>Atlas Data Privacy Corp. v. PublicNSA, LLC</u>, No. 1:25-cv-05989;

2. <u>Atlas Data Privacy Corp. v. REDX LLC</u>, No. 1:25-cv-6863;

3. <u>Atlas Data Privacy Corp. v. Sierra Creative Sys., Inc.</u>, No. 1:25-cv-11870;

4. <u>Atlas Data Privacy Corp. v. Cybo Co.</u>, No. 1:25-cv-11948;

5. <u>Atlas Data Privacy Corp. v. AGR Mktg. Sol. Inc.</u>, No. 1:25-cv-12137;

6. <u>Atlas Data Privacy Corp. v. True Software Scandina AB</u>, No. 1:25-cv-07650;

The Honorable Harvey Bartle III
November 14, 2025
Page 2

      7.      <u>Atlas Data Privacy Corp. v. Sterling Data Co., LLC</u>, No. 1:25-cv-09963.[1]

The Defendant's motion to dismiss in <u>True Software</u> raises new arguments and the parties have stipulated to a briefing schedule to address them, with Plaintiffs' opposition due on November 28, 2025, and Defendant's reply due on December 26, 2025. Plaintiffs hereby request that the Court enter an order approving this stipulated briefing schedule.

Aside from the exceptions in <u>True Software</u> and <u>Sterling Data</u>, Defendants in these seven cases have moved to dismiss under Rule 12(b)(6) by relying on some combination of arguments previously made in one or more of the following previously filed motions: (1) the Consolidated Motion to Dismiss Plaintiffs' Complaint filed June 10, 2024 in the action captioned as <u>Atlas Data Privacy Corp., et al. v. Lightbox Parent, L.P.</u>, No. 1:24-cv-04105-HB (D.N.J.); (2) the Consolidated Motion to Dismiss Pursuant to Rule 12(b)(6) filed on March 18, 2025 in the action captioned as <u>Atlas Data Privacy Corp., et al. v. DM Group, Inc.</u>, No. 1:24-cv04075-HB (D.N.J); and (3) the Consolidated Motion to Dismiss Pursuant to FRCP 12(b)(2) that was filed on March 18, 2025 in the action captioned as <u>Atlas Data Privacy Corp., et al. v. GoHunt, LLC</u>, No. 1:24-cv-04380-HB (D.N.J) (the "Consolidated Motions to Dismiss").

Pursuant to Local Rule 7.1(d)(4), Plaintiffs hereby state that in response to each of Defendant's motions to dismiss that is based on the Consolidated Motions to Dismiss that the Court already denied, Plaintiffs are relying on their prior briefings in those matters and request that the motions be denied consistent with the Court's prior practice. *See* Sept. 12, 2025 Hr'g Tr. at 58 (instructing defense counsel to "just briefly outline in your motion what the grounds are and I will permit you, if you wish, to rely on briefing that's already been filed . . . . Well, what I would do is I would, I think we've done it in several cases, deny your 12(b)(6) motions unless you raise an issue that hasn't been raised and the 12(b)(2) would still be alive because those cases they haven't concluded discovery on that.")

---

[1] Defendant's motion to dismiss also raises a new argument regarding the Constitutionality of Daniel's Law. The parties have reached an understanding in principle, which will be submitted to the Court by separate cover, to enter into a stipulation to stay briefing on this matter until a ruling has been made by the Third Circuit regarding Defendants' interlocutory appeal.

The Honorable Harvey Bartle III
November 14, 2025
Page 3

      Defendants in several of the above-captioned cases have also moved to dismiss pursuant to Rule 12(b)(2).  In those actions, Plaintiffs have served written discovery and responses are forthcoming.

      Sincerely,

      Elliot C. Harvey Schatmeier